UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ELIZABETH R. CREADEUR,          CIVIL ACTION NO. 6:14-cv-00695
ET AL.

VERSUS                          JUDGE DOHERTY

ATLANTIC RICHFIELD COMPANY,      MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM  RULING

Currently pending before this Court is the plaintiffs' motion to remand.  (Rec.

Doc. 20).  The motion is opposed.  Oral argument was held on June 24, 2014, and the

motion was taken under advisement.  Having reviewed the pleadings, the relevant

jurisprudence, the applicable law, and the arguments advanced by counsel at the

hearing on the motion, and for the reasons explained below, the motion to remand is

granted.

### FACTUAL AND PROCEDURAL BACKGROUND

In this legacy lawsuit the plaintiffs are alleged to be the owners or users of

certain immovable property, and they claim that they were damaged by the

defendants' oil and gas exploration and production activities, which were conducted

on or near their land over several years.

In the original petition (Rec. Doc. 1-8 at 1-21), filed in a Louisiana state court

in June 2012, six plaintiffs sued eight oil company defendants, alleging contamination

to two tracts of land as a result of oil and gas exploration and production activities in the South Lewisburg Field, Acadia Parish, Louisiana.  The original petition was filed by Elizabeth R. Creadeur, Albert Theodore Daigle, Alfred Joseph Daigle, James Keith Richard, Sr., James Roger Richard, and Ramona Ann Richard.  They were alleged to be the owners or users of the property designated in exhibits as the Richard Tract and the Daigle Tract.  In the original petition, the plaintiffs sued Atlantic Richfield Company, BP Products North America Inc., Encana Oil & Gas (USA) Inc., Great Southern Oil & Gas Company, Inc., Hess Corporation, Honeywell International Inc., Pioneer Natural Resources USA, Inc., and The Standard Oil Company.

In the first supplemental and amending petition (Rec. Doc. 1-9 at 1-5), which was filed in February 2013, one plaintiff, Linda Richard Benoit, and one defendant, Bates & Cornell, were added, and the property description was revised.

In the second supplemental and amending petition (Rec. Doc. 1-10 at 1-8), which was filed in February 2014, nine new plaintiffs were added, two new defendants were added, the relevant property was expanded from two tracts to six tracts, and three of the new plaintiffs asserted personal injury claims.  The plaintiffs added in the second supplemental and amending petition were:  Christopher Adam Guidry, Kirk J. Guillory, Leona Venable Guillory, Leroy Guillory, Charles A. Labbe, Rebecca Claire Labbe, Benjamin Luke Wimberly, F. Douglas Wimberly, and Noah

-2-

Seth Wimberly.  The newly-added plaintiffs are alleged to be the owners or users of the Guidry tract, the Guillory Tract, the Labbe Tract, and the Wimberly Tract. Canadianoxy Offshore Production Company and Citgo Pipeline Company were added as defendants in the second supplemental and amending petition.

Following service of the second supplemental and amending petition on five defendants, the action was removed to this Court on March 28, 2014 by Hess Corporation, BP Products North America Inc., Atlantic Richfield Company ("ARCO"), The Standard Oil Company, and Honeywell International Inc. (Rec. Doc. 1).  Encana Oil & Gas (USA) Inc. contemporaneously consented to the removal (Rec. Doc. 1-7) and Canadianoxy Offshore Production Co. subsequently consented.  (Rec. Doc. 13).  Thus, "the Removing Defendants" are Hess, BP, ARCO, Standard Oil, and Honeywell.  The "Consenting Defendants" are Encana and Canadianoxy.  The remaining defendants are Great Southern, Pioneer, Bates & Cornell, and Citgo.

### THE PARTIES' CONTENTIONS

The plaintiffs contend that this entire action should be remanded because (1) the removal notice was not timely, (2) not all of the served defendants consented to the removal, and (3) the parties are not completely diverse in citizenship, depriving this Court of subject-matter jurisdiction.  (Rec. Doc. 20).

The Removing Defendants contend (1) that the removal was timely under the

-3-

"revival exception;" (2) that the consent of improperly joined defendants – Great Southern, Pioneer, Bates & Cornell, Citgo, and Canadianoxy – was not necessary; and (3) that this Court has subject-matter jurisdiction over *some* of the claims asserted in this action under 28 U.S.C. § 1332.  The contend  jurisdiction exists over some of the claims because the amount in controversy exceeds the jurisdictional minimum, the parties are diverse in citizenship when the citizenship of five allegedly improperly joined defendants is ignored and the claims are analyzed on a tract-by-tract basis.  Specifically, they contend that diversity exists with regard to the Daigle, Wimberly, and Guidry tracts because all of the plaintiffs who own or use those tracts are diverse from all of the defendants alleged to have damaged those tracts.  They also contend that the claims concerning the Richard, Labbe, and Guillory tracts were improperly joined in this litigation (Rec. Doc. 1 at 8), because the plaintiffs who own or use those tracts are not diverse in citizenship from the defendants who allegedly damaged those tracts.  The Removing Defendants seek to have this Court exercise jurisdiction over the claims brought by the Daigle plaintiffs, the Guidry plaintiffs, and the Wimberly plaintiffs but they also seek to have the claims asserted by the Richard plaintiffs, the Labbe plaintiffs, and the Guillory plaintiffs severed and remanded.  (Rec. Doc. 1 at 8).  To support this position, the Removing Defendants rely upon a theory of "egregious misjoinder" or "procedural misjoinder" that was recognized in *Tapscott*

-4-

*v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) abrogated on other grounds by *Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000).

## LAW AND ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, by statute, federal courts have subject-matter jurisdiction over civil actions based on diversity of citizenship if the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[2]  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, "[a] civil action otherwise removable solely on the basis of . . . [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]

---

[1]  See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]  28 U.S.C. § 1332.

[3]  28 U.S.C. § 1441(b)(2).

A suit is presumed to lie outside of federal-court jurisdiction until the party invoking it establishes otherwise.[4]  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5]  Therefore, the removal statute is to be strictly construed,[6] and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[7]  In other words, the removal statute is to be construed "strictly against removal and for remand."[8]  To further that rule, "[a]ny ambiguities are construed against removal [and] in favor of remand."[9]

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[10]  When an action is removed from state court, as this suit was, the removing party bears that

---

[4]     *Howery v. Allstate*, 243 F.3d at 916.

[5]     *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6]     *Carpenter v. Wichita Falls*, 44 F.3d at 366.

[7]     *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[8]     *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).  See, also, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-281 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

[9]     *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). See, also, *Acuna v. Brown & Root Inc.*, 200 F.3d at 339.

[10]     *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

-6-

burden.[11]  To remove a civil action based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[12] When a motion to remand is filed, the burden is on the removing party to prove that federal jurisdiction exists.[13]  If a plaintiff moves for remand, and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[14]

Since the Removing Defendants invoked this Court's jurisdiction by removing the case, in response to the plaintiffs' remand motion, the Removing Defendants have the burden of proving not only that this Court has diversity jurisdiction over this action, but that none of the defendants properly joined and served are a citizen of Louisiana.   This Court finds the Removing Defendants have not satisfied their burden.

---

[11]      *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[12]      *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc)*.

[13]      *De Aguilar v. Boeing*, 47 F.3d at 1408.

[14]      28 U.S.C. § 1447(c).

More than two hundred years ago, the United States Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332.[15]  That rule requires that all persons or entities on one side of the controversy must be citizens of different states than all persons or entities on the other side.[16]  "It is axiomatic that diversity jurisdiction. . . requires complete diversity between plaintiffs and defendants.  In other words, for diversity jurisdiction to exist, no plaintiff may be a domiciliary of the same state as any defendant."[17]  This is important in the context of the issues presented here because, in this case,  "[i]ncomplete diversity destroys original jurisdiction with respect to *all claims."*[18] (Emphasis added). Supplemental jurisdiction does not apply because if there is incomplete diversity, "there is nothing to which supplemental jurisdiction can adhere."[19]

---

[15]    *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).  See, also, *McLaughlin v. Mississippi Power Co*., 376 F.3d 344, 353 (5th Cir. 2004).

[16]    *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008); *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

[17]    *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 814 (5th Cir. 1993).

[18]    *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 554 (2005).

[19]    *Id.*

1.  **ARE THE PARTIES DIVERSE IN CITIZENSHIP?**

In this case, all of the plaintiffs are natural persons.  The citizenship of a natural person is determined by the state in which he or she is domiciled.[20]  In their petitions, the plaintiffs allege that they are all citizens of Louisiana except Elizabeth R. Creadeur, a citizen of Illinois, and Kirk J. Guillory, a citizen of Texas.

All but one of the defendants are corporations.  A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[21]  Therefore, as established by the Removing Defendants in their removal notice, ARCO is a citizen of Delaware and Texas, BP is a citizen of Maryland and Texas, Encana is a citizen of Delaware and Colorado, Great Southern is a citizen of Louisiana and Florida, Hess is a citizen of Delaware and New York, Honeywell is a citizen of Delaware and New Jersey, Pioneer is a citizen of Delaware and Texas, Standard Oil is a citizen of Ohio and Texas, Canadianoxy is a citizen of Delaware and Texas, and Citgo is a citizen of Delaware and Texas.

"For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a

---

[20]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[21]     28 U.S.C. § 1332(c)(1).

citizen."[22]   Bates & Cornell is alleged to be a partnership, with at least one partner, Drew Cornell, who is a Louisiana domiciliary.   Therefore, Bates & Cornell is a Louisiana citizen.  (Rec. Doc. 1 at 11).

Since there are both plaintiffs and defendants who are citizens of Louisiana and Texas, the parties are not completely diverse. Further, since at least one of the served defendants is a Louisiana citizen, Great Southern, removal would not be authorized under 28 U.S.C. § 1441(b)(2) if Great Southern was properly joined.[23]

The removing defendants suggest that certain of the plaintiffs are asserting claims only against certain of the defendants, apparently relying upon exhibits to the petitions that identify which defendants leased which tracts of land and which defendants conducted operations on which tracts of land.  But the allegations in the petitions themselves make no such distinction.   To the contrary, the allegations indicate that every plaintiff is asserting a claim against every defendant. Accordingly, the Court finds that the parties are not completely diverse.

---

[22]       *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96; *Whalen v. Carter*, 954 F.2d 1087, 1094–95 (5th Cir. 1992).  See, also, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d at 1079.

[23]       Bates and Cornell, the partnership whose general partner is a Louisiana citizen, has not been served.

## 2.   <u>WERE SOME OF THE DEFENDANTS IMPROPERLY JOINED?</u>

Improper joinder[24] is an exception to the complete diversity rule.  When a party is improperly joined, its citizenship is not considered in the complete diversity calculation.[25]   When a removing party alleges jurisdiction on the basis that non-diverse parties have been improperly joined, the removing party must bear the burden of proving improper joinder.[26]  The Court finds that the Removing Defendants have not satisfied that burden.

In the Fifth Circuit,  improper joinder can be established in two ways, either by demonstrating "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[27]   However, the Removing Defendants do not contend that either of those forms of improper joinder is applicable in this case.  Instead, they argue that a third

---

[24]      In *Smallwood v. Illinois Cent. R. Co*., 385 F.3d at 571 n. 1, the Fifth Circuit adopted the term "improper joinder" as a substitute for the term "fraudulent joinder," which was used previously, stating that "[a]lthough there is no substantive difference between the two terms, 'improper joinder' is preferred."

[25]      See *Kemp v. CTL Distribution, Inc*., 440 F. App'x 240, 248 (5th Cir. 2011); *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 313 (5th Cir. 2005); *Jernigan v. Ashland Oil Inc*., 989 F.2d at 817.

[26]      *Jernigan v. Ashland Oil Inc*., 989 F.2d at 815; *Carriere v. Sears, Roebuck and Co*., 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817 (1990).

[27]      *Smallwood v. Illinois,* 385 F.3d at 573 quoting *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003); *Gasch v. Hartford,* 491 F.3d at 281.

type of improper joinder applies to  permit the Court to disregard the citizenship of the non-diverse defendants.

The Removing Defendants base their argument on the analysis set forth in *Tapscott v. MS Dealer Service Corp.*  Under *Tapscott*, "fraudulent misjoinder" is said to exist when (1) a defendant has been misjoined with other defendants in violation of applicable joinder rules; and (2) the misjoinder is so egregious as to constitute fraudulent joinder.[28]  This type of misjoinder has sometimes been referred to as "procedural misjoinder"[29] or "egregious misjoinder."[30]

In *Tapscott,* the court found that there were no allegations of joint liability or conspiracy between the diverse defendant and the non-diverse defendants. Rather, the allegations of a common business practice to establish joinder was described by the district court as "bordering on a sham" as the transactions between the two classes of defendants were wholly distinct. The issue before the court was whether an admittedly improper joinder under the rules of the State of Alabama for permissive

---

[28]    *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

[29]    See, e.g., *In re Pradaxa*, No. 3:12-md-02385, 2014 WL 257831 (S.D. Ill. Jan. 23, 2014).

[30]    See, e.g., *Walker v. Scales*,  No. 1:13-CV-00227-SA-DAS, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014).

joinder, "no matter how egregious, is not fraudulent joinder."[31]  Noting the Eleventh

Circuit recognized the same two types of "fraudulent joinder" that are set forth above,

the court was clear in its holding:

> Misjoinder may be just as fraudulent as the joinder of a resident
> defendant against whom a plaintiff has no possibility of a cause of
> action. A defendant's "right of removal cannot be defeated by a
> fraudulent joinder of a resident defendant having no real connection
> with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92,
> 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Although certain putative class
> representatives may have colorable claims against resident defendants
> in the putative "automobile" class, these resident defendants have no
> real connection with the controversy involving Appellants Davis and
> West and Appellee Lowe's in the putative "merchant" class action. We
> hold that the district court did not err in finding an attempt to defeat
> diversity jurisdiction by fraudulent joinder. We do not hold that mere
> misjoinder is fraudulent joinder, but we do agree with the district court
> that Appellants' attempt to join these parties is so egregious as to
> constitute fraudulent joinder.

*Tapscott v. MS Dealer Service Corp.* 77 F.3d at 1360.

To date, the *Tapscott* analysis has not been adopted by the Fifth Circuit, but the

*Tapscott* decision has been mentioned in Fifth Circuit cases.  In the case of  *In re*

*Benjamin Moore & Co.*, the Fifth Circuit stated without holding that the fraudulent

misjoinder of *plaintiffs* should not be allowed to defeat diversity jurisdiction.[32]  This

has been interpreted by some district courts as "agreement with that decision

---

[31]     *Tapscott v. MS Dealer Service Corp.,* 77 F.3d at 1360.

[32]     *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5ᵗʰ Cir. 2002).

[*Tapscott*], albeit in *dicta*."[33]   However, when the Fifth Circuit decided *Smallwood v. Illinois Central Railroad Co.* two years after it decided *Benjamin Moore*, it did not mention *Tapscott*-style "egregious misjoinder."   Instead, it clearly stated that "we have recognized two ways to establish improper joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[34]   The Fifth Circuit reiterated that statement two years after that, in *Crockett v. R.J. Reynolds Tobacco Co.*[35]   In fact, the Fifth Circuit distinguished *Tapscott*-style "egregious misjoinder" from improper joinder in the *Crockett* decision, stating that:

> A party, however, can be improperly joined without being fraudulently joined.[36]   Under federal law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."   Fed.R.Civ.P. 20(a).   Texas has adopted the same requirements for proper joinder.   See Tex.R. Civ. P. 40(a).   If these requirements are not met, joinder is

---

[33]      *Martinson v. Total Petrochemicals & Ref. USA, Inc.*, No. H-14-555, 2014 WL 2169970, at *2 (S.D. Tex., May 23, 2014).

[34]      *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573 (internal quotation omitted.)

[35]      436 F.3d 529, 532 (5th Cir. 2006).

[36]      Despite the *Smallwood* court's admonition that the term "improper joinder" should replace the term "fraudulent joinder," the *Crockett* court used the traditional term "fraudulent joinder."

improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.[37]

The quoted statement, which is followed by a citation to *Tapscott*, does not indicate that "egregious misjoinder" under *Tapscott* should be classified as a third type of improper joinder as the Removing Defendants in this case suggest; to the contrary, it recognizes that what was described in *Tapscott,* i.e. improper joinder under the state law for permissive joinder, is different from what was traditionally known as fraudulent joinder.   The Fifth Circuit had the opportunity, in deciding *Crockett*, to expressly and specifically address whether *Tapscott*-style "egregious misjoinder" was a form of improper joinder, and the Court did not do so, choosing instead to reiterate that it recognizes only two ways in which fraudulent joinder can be established.  This Court is, therefore, constrained to follow that jurisprudence and notes that *Crockett* remains the Fifth Circuit's most recent reference to the *Tapscott* decision.

The substantive decision reached in *Crockett* is also instructive.  There, the plaintiffs were the heirs of a deceased long-time smoker.  They filed a wrongful death and survival suit against tobacco companies and also against the decedent's health care providers.  They alleged that the tobacco companies sold defective cigarettes and

---

[37]        *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

-15-

that the health care providers negligently failed to diagnose the fatal cancer,  their actions combining to cause the decedent's death.  Because the plaintiffs and the health care providers were citizens of the same state, diversity was not complete.  But the tobacco companies removed, alleging that the health care providers were fraudulently joined to defeat federal-court jurisdiction.  The district court determined that there was no fraudulent joinder and remanded the action.

Back in state court, the tobacco companies moved to sever the claim against them from the claim against the health care providers.  The motion was granted, and the tobacco companies again removed.  The plaintiffs again moved for remand, but the district court denied the motion, and the Fifth Circuit affirmed.  The second motion for remand was unsuccessful because the parties remaining in the suit after the claims against the in-state health care providers were severed were diverse in citizenship.

Thus, *Crockett* provides a roadmap for how the defendants in this lawsuit might have proceeded.  They could have filed, in the state court proceeding, a motion to sever, or an exception of improper cumulation of claims, or an exception of improper joinder of parties and, then, if successful, they could have attempted to remove any resulting action in which the parties were diverse in citizenship.  Instead, they put the cart before the horse, arguing that some of the plaintiffs' claims were

-16-

"egregiously misjoined" and that the non-diverse defendants' citizenship should, therefore, be disregarded in determining whether the parties to this lawsuit are diverse.

Agreeing with the Removing Defendants would require this Court to (a) ignore the Fifth Circuit's recognition that a party might be improperly joined without being "fraudulently joined," and (b) find that "egregious misjoinder" is a third type of improper joinder that has not yet been adopted by the Fifth Circuit. This Court declines to follow either of those paths.

Because federal courts are courts of limited jurisdiction and removal jurisdiction must be narrowly construed in favor of state-court jurisdiction, this Court will not expand the scope of federal diversity jurisdiction on removal through the adoption of the "egregious misjoinder" doctrine absent clear guidance from the Fifth Circuit or Congressional action.[38] The Removing Defendants argue that the plaintiffs have improperly joined defendants and improperly cumulated claims in the second supplemental and amending petition. (Rec. Doc. 24 at 6). Because this lawsuit was pending in Louisiana state court when the second supplemental and amending petition was filed  and because the parties are not completely diverse, this Court

---

[38]     In reaching this conclusion, the Court finds certain decisions from the Seventh Circuit persuasive, including *Sabo v. Dennis Technologies, LLC*, No. 07-cv-283-DRH, 2007 WL 1958591 *6-7, (S.D. Ill. July 2, 2007) collecting cases.

concludes that any challenge to the joinder of parties or cumulation of claims should properly have been made in that forum, just as in *Crockett*.

Furthermore, even if this Court were inclined to adopt the *Tapscott* analysis as a third form of improper joinder, it would first be necessary to decide whether federal or state joinder rules should be employed.  "District courts in this circuit are not of one mind on the issue."[39]  This Court would be inclined to agree with those decisions holding that "because plaintiffs brought their actions in state court and were required to follow state joinder rules when they did so, state joinder rules are the relevant ones to determine the propriety of the joinder of plaintiffs and/or defendants. . . ."[40]

Thus, by bringing the joinder challenge in this forum, the Removing Defendants are essentially asking this Court to first determine whether there is improper joinder under La.C.Civ.P. arts. 463 et.seq., then use Fed.R.Civ.P. 21 to sever the plaintiffs' claims on a tract-by-tract basis if they fail to meet the permissive

---

[39]     *Accardo v. Lafayette Ins. Co*., No. 06-8568, 2007 WL at 325368, at *3 (E.D. La., Jan. 30, 2007).  For example, the court concluded in *Bienemy v. Continental Cas. Co*., No. 09-6647, 2010 WL 375213, at *6 (E.D. La. Jan. 26, 2010), that the better rule was for the removing party to challenge joinder in state court before seeking removal, while it was determined in *Frankland v. State Farm Fire & Cas. Co.*, No. 2:07-cv-1767, 2008 WL 4072819, at *3 (W.D. La. July 2, 2008), that the better approach was for the federal court to decide the joinder issue while applying state joinder rules.

[40]     *Accardo v. Lafayette Ins. Co*., 2007 WL at 325368, at * 4; *Williams v. Executive Risk Specialty Ins. Co*., No. 11-0686, 2011 WL 2461346, at *5 (W.D. La. June 17, 2011) aff'd sub nom. *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287 (5th Cir. 2011).

-18-

joinder requirements under state law, and to then remand some of the claims but retain jurisdiction over others.[41]  The Court finds that using Rule 21 in this manner would contravene Fed.R.Civ.P. 82, which states that "[t]hese rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."

Finally, it must be noted that the relevant statutes specifically permit the removal of a "civil action"[42] and the remand of a "case."[43]  The United States Supreme Court recently turned to Black's Law Dictionary for the definition of the term "civil action" and found that its definition is identical to that of an "action at law," "which in relevant part is defined as a 'civil suit stating a legal cause of action.'"[44]  In other words, an entire lawsuit might be removed or remanded, but the statute addressing removal and remand does not provide a mechanism for the removal or remand of only certain claims when subject-matter jurisdiction is based on diversity of citizenship.[45]  Similarly, the statute defining the original jurisdiction of

---

[41]     La. C.Civ.P. art 647 provides that the permissive joinder of two or more plaintiffs or defendants in the same suit is governed by Articles 463-465.

[42]     28 U.S.C. § 1441.  See, also, 28 U.S.C. § 1446, which sets forth the procedure for removal of a "civil action."

[43]     28 U.S.C. § 1447.

[44]     *CTS Corp. v. Waldburger*, ___ U.S. ___, 134 S. Ct. 2175, 2187 (2014).

[45]     28 U.S.C. § 1441(c)(2) permits severance and remand of claims not within the supplemental or original jurisdiction of the federal district court when a claim within the court's federal-question jurisdiction is also stated, but that exceptional scenario is not presented in this case.

federal district courts provides that the "district courts shall have original jurisdiction of all civil actions" meeting certain criteria.[46]  This Court's subject-matter jurisdiction is, therefore, evaluated with regard to the entire civil action or lawsuit and not with regard to any particular claim asserted in such a lawsuit.  For those reasons, this Court will not remand only some of the plaintiffs' claims and retain jurisdiction over others.

In summary, the Court declines to apply *Tapscott*-style "egregious misjoinder" in this case, declines to find that the non-diverse defendants were improperly joined, declines to decide whether any of the plaintiffs' claims were misjoined under Louisiana law, and declines to remand only some of the plaintiffs' claims.  The Court finds that the plaintiffs are not completely diverse in citizenship from the defendants; therefore, this Court lacks subject-matter jurisdiction over this action, and the entire action will be remanded.

**3.   WAS THE REMOVAL TIMELY?**

The plaintiffs argue that the removal was not timely because it occurred more than one year after this lawsuit was initiated.  The timing of removal is governed by 28 U.S.C. § 1446(b), which establishes a thirty-day window for removal of an action.  The statute reads as follows:

---

[46]        28 U.S.C. § 1332 (a).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Section 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1446(c) sets a one-year limit on diversity-based removal, reading as follows:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

The plaintiffs contend that removal of this action was not timely because the removal notice was filed more than one year after the suit was initially filed.  While admitting that the action was removed more than one year after it was initiated, the Removing Defendants contend, first, that the action was removable when originally

-21-

filed and, second, that the "revival exception" applies and permits removal even after the expiration of the one-year time period.

The Fifth Circuit has held that the general thirty-day removal rule applies to cases that are initially removable, that the "other paper" provision of the rule applies only to cases that are not initially removable, and that the one-year limitation on removals applies only to cases that are not initially removable.[47]  The Removing Defendants do not dispute this, and they contend, in fact, that the case was removable at the time it was originally filed, arguing that the non-diverse defendants named in the original petition were improperly joined.  Therefore, they also contend that the one-year limit on removal does not apply.

The "revival exception" is a judicially-created rule that is applicable only when the action was removable when it was originally filed, the defendants did not remove within the thirty-day time period even though they could have, and the plaintiff's complaint was "amended so substantially as to alter the character of the action and constitute essentially a new lawsuit."[48]  This exception was first recognized by the Fifth Circuit in *Cliett v. Scott*, which held that "though a defendant has submitted

---

[47]     *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000), citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998).

[48]     *Johnson v. Heublein, Inc.*, 227 F.3d at 241.

himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed."[49]

There are two reasons why the Removing Defendants' argument lacks merit. First, the Removing Defendants have recourse to the revival exception only if the lawsuit, as originally filed, was removable.  The Removing Defendants contend that the action was originally removable because the non-diverse defendants named in the original petition were improperly joined under the *Tapscott* rationale.  But, as explained above, this Court has already decided that *Tapscott* does not apply in this case, and consequently that the non-diverse defendants were not improperly joined as defendants in this lawsuit.  Therefore, the suit was not removable when it was originally filed, both because there was not complete diversity and because one of the defendants who was properly joined and served was a citizen of Louisiana. Therefore, the removal is untimely and the revival exception cannot be relied upon by the Removing Defendants.[50]

Second, the claims added in the second supplemental and amending petition are not so different from those asserted in the plaintiffs' first two petitions as to

---

[49]      *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956).

[50]      This Court notes in passing that it would not likely find the allegations in the original petition against Great Southern to be so "egregious" as to find a basis to consider them fraudulent as Great Southern is alleged to have operated on the Richard tract with some of the removing defendants.

constitute a wholly new lawsuit.  Although personal injury claims were added for the first time in the most recent petition, this action remains, at its heart, a legacy suit seeking compensation for alleged damaged to property by entities conducting oil and gas exploration and production activities.  The new claims are not so fundamentally different as to necessitate reclassification of the action as an entirely new lawsuit.

Accordingly, the revival exception is inapplicable and did not operate to afford the Removing Defendants an opportunity to remove this action more than thirty days after it was originally filed.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (Rec. Doc. 20) is GRANTED.

Signed at Lafayette, Louisiana, on this 3rd day of July, 2014.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE